UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CELESTAN RICHARDSON | CIVIL ACTION |
| VERSUS | NO. 06-505 |
| WILLIAM PAYNE | SECTION C |

## ORDER AND REASONS

Before this Court is a petition for habeas corpus relief by Mr. Celestain Richardson ("Petitioner"), pursuant to 28 U.S.C. § 2254. As grounds for relief, Petitioner asserts that his conviction was obtained through a guilty plea that was not knowing or voluntary.[1]

In response to a request for the state record, the State filed a letter with this Court indicating that "Due to Hurricane Katrina, all criminal records were submerged and destroyed, all minutes, manual indexes and dispositions were destroyed too. We have no way to search names manually."[2] Fortunately, Mr. Richardson had previously filed a habeas corpus petition on the same conviction, and this Court has the state record from the previously filed petition.

---

[1] Fed. Rec. Doc. 1 at 2, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Richardson v. Payne*, No. 04-3302 (Feb. 9, 2006); *Richardson v. St Bernard Parish Ct, et al*, No. 03-534, Rec. Doc. 14., Report and Recommendation (Sept. 4, 2003).

[2] State Rec, Vol. 1 of 1, Letter from Clerk of Court April 4, 2006, No. 88-831 (Apr. 4, 2006).

(*Richardson v. St Bernard Parish Ct, et al*, No. 03-534.) However, no information concerning Mr. Richardson's commitment between November 2003, and March 2006, when Mr. Richardson filed the instant petition, is available. Upon a review of the existing record of Mr. Richardson's previously filed habeas petition, the memoranda, and the applicable law, the Court cannot determine whether Petitioner's habeas corpus petition is with or without merit. For the reasons set forth below, the Court orders that the request for habeas relief be partially granted and the matter remanded to the 34th Judicial District Court to hold a hearing within 60 days as to whether Mr. Richardson should be released based on his current mental condition.

Petitioner is committed to the Feliciana Forensic Facility ("Feliciana"), where he is currently receiving medical treatment for schizophrenia and bipolar affective disorder.[3] After a sanity hearing, at which Petitioner pled not guilty by reason of insanity, the court found the defendant not guilty of second degree murder by reason of insanity and ordered him to be committed.[4] The procedural history of this case has been set forth in the Magistrate's Report and Recommendation in Petitioner's first habeas petition in the case captioned *Richardson v. St Bernard Parish Ct, et al*, No. 03-534, Rec. Doc. 14. (Sept. 4, 2003). A short procedural history

---

[3] Fed. Rec. Doc. 1, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Williams v. Cain*, No. 04-3302 (Dec. 1, 2004).

[4] State Rec. 03-534, Vol. 1 of 2, Minute Entries May 15, 1986 & November 20, 1986, *State v. Richardson*, No. 88-831 (1986). At the hearing, the state and defense counsel stipulated that if various police officers and forensic experts were to testify, their testimony would have been similar to the information reflected in their reports. The court also heard testimony of two doctors.

of the case based on the Magistrate's Report and Recommendation in Mr. Richardson's first habeas petition follows.[5]

After Mr. Richardson's initial commitment, the court received regular medical evaluations and reports from the hospital and review panel. The reports consistently diagnosed Mr. Richarson with schizophrenia, and, accordingly, the trial court continued Mr. Richardson's commitment. In 1990, doctors submitted reports indicating that Mr. Richardson's condition had stabilized, and a review panel recommended he be released on probation with conditions that he live with his parents, continue outpatient treatment, abstain from alcohol, submit to drug screening, and seek employment. In August 1991, the trial court held a hearing, finding he was not a danger if on medication, and released Mr. Richardson on probation under the stipulated conditions.

In May 1992, based on a probation officer's recommendation, the trial court held a revocation hearing, at which the trial court revoked Mr. Richardson's probation for failing to take his medication. In August 1993, the trial court held another hearing on whether to release Mr. Richardson, based on the recommendation of the review board, and released Mr. Richardson again on probation in September 1993 under various conditions.

In a revocation hearing in December 1994, the trial court allowed Mr. Richardson to remain on probation because he agreed to live in a group home. However, in July 1995, the trial court ultimately revoked Mr. Richardson's probation and committed him again to Feliciana. The trial court denied Mr. Richardson's request for a new probation hearing in January 1996, and continued to receive updates on Mr. Richardson's medical status. In 1998, the doctors amended

---

[5] *Richardson v. St Bernard Parish Ct, et al*, No. 03-534, Rec. Doc. 14 at 3-13. (Sept. 4, 2003)

their diagnosis of Mr. Richardson to bipolar schizoaffective disorder, with a history of personality disorder, tuberculosis, elevated thyroid stimulating hormones and problems with the legal system and involuntary incarceration.

Mr. Richardson filed a pro se application for post-conviction relief in the trial court in December 1999, arguing that his probation was illegally revoked and that the recommendations of the review panel were contrary to the findings of the doctors during his more frequent monthly evaluations which showed that his psychiatric disorder was in remission. The trial court denied the application in January 2000; however, the court ordered a report addressing Mr. Richardson's eligibility for release. A review panel wrote that Mr. Richardson continued to pose a danger to himself and others, and recommended that he remain in Feliciana for treatment.

Mr. Richardson filed several additional pleadings in state trial and appellate courts, which the courts denied. Mr. Richardson also requested a probation hearing, which, after a hearing at which medical experts did not recommend release, was denied in December 2002. Mr. Richardson filed his first federal habeas petition in February 2003, arguing that his confinement based on the probation violation was erroneous, and that he should be released after being confined in a state mental hospital for more than seven years. This petition was denied for failing to exhaust his claims. Mr. Richardson has not filed a second habeas petition based on his unexhausted claims.

In the instant petition, Mr. Richardson claims that his "conviction [was] obtained by plea of guilty which was unlawfully induced or not made voluntarily."[6] To support his claim, Mr. Richardson states:

---

[6] Fed. Rec. Doc. 1 at 5, Petition Under 28 U.S.C. 2254 for Writ of Habeas Corpus By Person in State Custody, *Richardson v. Payne*, No. 04-3302 (Feb. 9, 2006).

> I went to the clinic one morning to take my injection and I was real nervous so I figure I needed more pills beside the injection so I went to charity that morning and I took my shot at charity plus other medication and I was held there for three weeks to see how the medication work. Then all of a sudden I was arrested for not taking my shot. The doctor called the clinic what kind of shot that I was suppose to take because I didn't know at the time. I just found myself in jail for 10 year behind the whole thing.

It is clear from the record that Mr. Richardson never pled guilty, nor is he in jail for 10 years; he was committed to a medical institution based on a finding by the trial court that he was not guilty of second degree murder by reason of insanity, and has continued to be committed based on the trial court's finding that he still presents a danger to himself and to others. However, although not artfully articulated, Mr. Richardson is attacking the validity of his current commitment at Feliciana.

Because no information concerning Mr. Richardson's confinement between November 2003, and March 2006, when Mr. Richardson filed the instant petition, is available, the Court cannot determine whether the instant petition is timely or exhausted, or whether Mr. Richardson has filed additional requests for probation, or whether Mr. Richardson has been complying with his medical treatment such that his continued confinement is unlawful. Almost three years have passed since Mr. Richardson last filed a federal habeas petition. In that time, Mr. Richardson may have conformed strictly to his treatment, and may, in fact, no longer be a danger to himself or to others, such that his continued commitment is warranted. Alternately, Mr. Richardson may have exhausted his state claims such that federal review of his initial claims are appropriate.

The Fifth Circuit has held that a "sufficient record" is required for the Court to rule on factually-based habeas claims. *Guy v. Cockrell*, 343 F.3d 348, 354 (5th Cir. 2003); *see also Hopkins v. Lynn*, 888 F.2d 35 (1989) (where an appellate court affirmed a federal district court's

release of a petitioner confined to a medical facility after the federal district court remanded the to a state trial court to determine the petitioner's mental status and ultimately found that the evidence was insufficient to continue to hold the petitioner). Mr. Richardson is in a unique situation. There is no record available and the State has indicated that there will be no record available; all records were destroyed by Hurricane Katrina. Therefore, an evidentiary hearing will yield little or no additional information about what has occurred for the last three years. The fairest course is to order this matter remanded to the 34th Judicial District Court to hold a new hearing on whether Mr. Richardson is eligible for probation and release from custody based on his current mental status.

Having considered the complaint, the record, and the applicable law, IT IS ORDERED that habeas relief be PARTIALLY GRANTED and the matter be remanded to the Louisiana 34th Judicial District Court to hold a hearing within 60 days to determine if the Petitioner is eligible for release based on his current mental condition.

New Orleans, Louisiana this 11th day of August, 2006.

_____
HELEN G. BERRIGAN
U.S. DISTRICT JUDGE