UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CELESTAN RICHARDSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-505** |
| **WILLIAM PAYNE** | **SECTION "C" (2)** |

### ORDER AND REASONS

Before the Court is the motion of petitioner, Celestan Richardson, to reopen his petition for federal *habeas corpus* relief.  Rec. Doc. 11.  The Court issued an order that the state respond to petitioner's motion, and indicate whether it had any objections to the motion.  Rec. Doc. 13.  The state has now responded,  Rec. Doc. 14, and the Court has determined that this matter can be disposed of without an evidentiary hearing.  Having now considered the motion, the response, the record and the law, the Court has determined that the motion to reopen should be DENIED for failure to exhaust state remedies.

This Court previously ruled on the petition of Celestan Richardson, which was filed on March 3, 2006, on August 11, 2006.  Rec. Doc. 10.  The state was not able to produce a record of petitioner's commitment for the period between November 2003 and March 2006, because all

records were submerged and destroyed as a result of Hurricane Katrina. *Id.* at 1.[1] As a result, the Court could not determine whether the petition was timely or exhausted, whether petitioner had filed additional requests for probation, or whether he had complied with his medical treatment such that his continued confinement was unlawful. The Court therefore concluded that the fairest course was to order the matter remanded to the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, Louisiana, to hold a new hearing on whether petitioner was eligible for probation and release from custody based on his current mental status, within 60 days of the Court's order. *Id.* at 6.

Although petitioner refers to a "Federal Judge's ruling ... and federal documents stating to release [him] to the custody of [his] parents," Rec. Doc. 11 at 2, this Court ordered only that a new hearing be held on whether he was eligible for probation and release from custody based on his current mental status. A hearing was held in the Thirty-Fourth Judicial District Court on August 21, 2006, to determine whether Mr. Richardson was eligible for probation and release from custody based on his current mental status, in compliance with this Court's order. Rec. Doc. 14-2, Extract of Minutes. According to the minute entry, petitioner was present with his attorney, the state called Barbara Johnson as a witness, and both petitioner and his mother testified. *Id*. The state filed into evidence this Court's order and judgment, and after hearing

---

[1] Petitioner had previously filed a petition for writ of habeas corpus in this Court in early 2003. The Court approved the Report and Recommendation of the Magistrate Judge, and adopted its opinion dismissing the petition in part with prejudice for lack of subject matter jurisdiction and in part without prejudice for failure to exhaust state court remedies, on October 1, 2003. *Richardson v. St. Bernard Parish Ct., et al*, No. 03-534, Rec. Doc. 15. An extended procedural history of petitioner's case to that point was set forth in the Report and Recommendation. *Id.*, Rec. Doc. 14.

testimony, the court denied petitioner's motion for relief. *Id.*[2]

Petitioner thereafter filed a "Motion to Re-establish Habeas Corpus," on which a hearing was held in the Thirty-Fourth Judicial District Court on January 30, 2007. The court denied relief on the grounds that the hearing was premature and could not be re-filed until one year from August, 2006, under LA.C.CR.P. art 655(B). Rec. Doc. 14-3, Extract of Minutes.[3]

Another hearing was held on March 11, 2008 in the Thirty-Fourth Judicial District Court. Rec. Doc. 14-4, Extract of Minutes. After hearing the testimony of Barbara Johnson, District Forensic Coordinator for the Eastern Division, and petitioner's mother, the court ordered that the defendant return to the Feliciana Facility until a bed became available at Harmony House in

---

[2] The minute entry also reflects that the court ordered a copy of the transcript, *id.*, which counsel for the state in its motion indicates he requested be prepared and forwarded by the clerk of court to this Court to be filed in this matter, but apparently this was never complied with, and no transcript was ever produced. Rec. Doc. 14 at 3-4. Counsel for the state describes the hearing as follows:

> At this hearing, the Court found that Mr. Richardson was currently mentally ill, but was suitable to be released to a less restrictive setting. However, Mr. Richardson testified that he wished to be released to live with his mother, and if he could not be released to his mother, he would prefer to stay at the Jackson Forensic Unit. The presiding judge interrogated Mr. Richardson at length regarding this position. Mr. Richardson was adamant in this decision despite the fact that his mother, Mary Ann Richardson, had just testified that due to her home being destroyed in Hurricane Katrina, she was not in a position to have Mr. Richardson come live with her. Mr. Richardson refused the judges's [sic] offer to release him to Harmony House in Baton Rouge.

*Id.* at 3. Because the Court concludes that the motion must be dismissed for failure to exhaust, it is not necessary that a full transcript of the hearing be provided.

[3] LA.C.CR.P. art. 655(B) provides that "[a] person committed pursuant to Article 654 may make application to the review panel for discharge or for release on probation. Such application by a committed person may not be filed until the committed person has been confined for a period of at least six months after the original commitment. If the review panel recommends to the court that the person be discharged, conditionally or unconditionally, or placed on probation, the court shall conduct a hearing following notice to the district attorney. If the recommendation of the review panel or the court is adverse, the applicant shall not be permitted to file another application until one year has elapsed from the date of determination."

Baton Rouge. *Id*. The judge further stated that this would be on a trial basis for one year, and that he would possibly release petitioner to his mother's custody if petitioner did well for the year. *Id*.

The state argues that petitioner has failed to exhaust his state court remedies. Generally, exhaustion of adequate state remedies is a "condition precedent to the invocation of federal judicial relief under [28 U.S.C.§ 2254]." *Preiser v. Rodriquez*, 411 U.S. 475, 489 (1973). To satisfy the exhaustion requirement, the entirety of the factual allegations and legal theories presented to the federal court must have been presented in a procedurally proper manner to the highest state court, here the Louisiana Supreme Court. *See e.g., Anderson v. Harless*, 459 U.S. 4, 6 (1982) (holding a habeas petitioner must have "fairly presented" to the state courts the "substance" of his federal habeas corpus claim (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Yohey v. Collins*, 985 F.2d 222, 226 (5th Cir. 1993); *Rose v. Lundry*, 455 U.S. 509 (1982). The issues in a habeas petition may have been presented to the highest state court on direct appeal, or in a state post-conviction proceeding; either is sufficient and both are not required. *Brown v. Allen*, 344 U.S. 443, 447 (1953); *Myers v. Collins*, 919 F.2d 1074, 1075-77 (5th Cir. 1990). The requirement of exhaustion is now codified by 28 U.S.C.§ 2254(b)(1), which provides, *inter alia*, that habeas relief "shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State . . . ."

Under Louisiana law, an insanity acquittee may, but is not required, to file an application

to a review panel[4] for discharge and for release on probation if one year has elapsed from the date of determination on a previous application for review. LA.C.CR.P. 655(B).

> Once this process is invoked, the state district court makes a new determination, in light of the new evidence presented, as to whether continued confinement is appropriate. La.C.Cr.P. art. 657. When such a determination is made, the prior commitment order based on out-dated evidence is in effect superceded. Therefore, the insanity acquittee is no longer confined based on that superceded order; rather, his confinement results from the latest order recommitting him based on the new and different evidence.

*Thompson v. Louisiana*, Civ. Action No. 02-3204 "T"(3), Rec. Doc. 7 at 8 (E.D.La. March 28, 2003) (Knowles, M.J.) (adopted by the District Judge, May 12, 2003). If the judge determines that a contradictory hearing is necessary, the "burden shall be upon the state to seek continuance of the confinement by proving by clear and convincing evidence that the committed person is currently both mentally ill and dangerous." LA.C.CR.P. art. 657.

In order to be entitled to consideration in federal court of a claim challenging an order of continued confinement, an insanity acquittee must exhaust his state court remedies as to the latest order of commitment by first making that argument to the state's highest court. *Thompson*, Rec. Doc. 7 at 8; *Davis v. Guzzeit*, Civ. Action No. 02-1034 "A"(5) (E.D.La. Oct. 21, 2002) (Chasez, M.J.) (adopted by the District Judge, November 15, 2002). In this case, petitioner has not challenged his current order of confinement, that of March 11, 2008, in the state's highest court. Therefore, petitioner has not exhausted his state court remedies, and the motion to reopen

---

[4] This review panel is "comprised of the person's treating physician, the clinical director of the facility to which the person is committed, and a physician or psychologist who served on the sanity commission which recommended commitment of the person." LA.C.CR.P. 655(A).

must be denied.

The Court recognizes the dilemma that is posed by the interaction of the Louisiana provision that allows for yearly review, which often results in a new confinement order, and the requirement that a petitioner first exhaust his state court remedies to challenge his current confinement order before proceeding in federal court. By the time a petitioner has exhausted his state court remedies with regard to a particular commitment order, a year will likely have passed, and he may have requested and been granted his next annual review. Judge Knowles ably described the dilemma faced by a petitioner in this situation, and the options he may pursue:

> [N]othing in Louisiana's procedures inherently insulates these types of cases from habeas corpus review. ... By opting to obtain [a] new determination while review of the prior determination was ongoing, petitioner by his own actions insulated the prior determination from federal review.
>
> In summary, there are two possible strategies an insanity acquittee may pursue. First, he may choose to exhaust his state court remedies and proceed to federal court for review of his latest commitment order. In the alternative, he may on an annual basis ask for a new state court determination regarding his confinement. Unfortunately, because it generally takes more than one year to exhaust state court remedies and then obtain review in federal court, it normally is not possible to pursue both strategies, and petitioner must therefore choose between them. The latter strategy may be attractive in the short term, in that is secures him a new state review each year and, if successful, faster release from confinement. In the long term, however, that alternative may be less attractive, because if the new attempt is unsuccessful, he can no longer seek federal review of the prior order which is no longer in effect. Rather, in that circumstance, petitioner must then exhaust his state court remedies as to the new commitment order before seeking review.

*Thompson,* Rec. Doc. 7 at 9 n.29.

Finally, the state indicates in its motion that pursuant to a telephone inquiry made on August 7, 2008, Mr. Richardson was admitted to Harmony House, 4919 McClelland Dr., Baton

Rouge, La., 70805, on May 25, 2008, and is currently in compliance with all of their rules and regulations and appears to be doing well.  Rec. Doc. 14 at 4.  Mr. Richardson's admission to Harmony House was confirmed by the Court on August 19, 2008.

Accordingly,

IT IS ORDERED that the motion to reopen the petition for *federal habeas* corpus relief filed by CELESTAN RICHARDSON is DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

New Orleans, Louisiana, this 25th day of August, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE